MISSISSIPPI POWER CO. *v.* McWILLIAMS.

(Division A. March 25, 1929.)

[121 So. 282. No. 27728.]

*Baskin, Wilbourn & Miller,* of Meridian, for appellant.

*Jacobson & Cameron,* of Meridian, for appellee.

McGowen, J., delivered the opinion of the court.

Appellant, Mississippi Power Company, was sued by appellee, Miss Belle McWilliams, for damages and personal injury sustained by her in a collision between her Chevrolet car driven by her and a motorbus driven by a motorman of the Mississippi Power Company.

The gravamen of the declaration was that the driver of the motorbus violated the ordinance which requires the operator of a motor vehicle when crossing streets at intersections, if they desire to turn to the left, to make that turn to the right of the center of the intersection of the street moving with the traffic, and that at the time of the collision the appellee was driving south on Sixteenth avenue on the right-hand side of that street, and when she came near the curb of Fourteenth street, running east and west, she saw the motorbus coming north toward her ten or fifteen feet away, and that the bus drove into her car and the impact of the two cars caused her serious injury. The motorbus was driving on Fourteenth street coming from the west going toward the east, and intended at this intersection to turn north to travel on Sixteenth avenue. Miss McWilliams contended that at the time she saw the bus it was turning north and cutting the curb, instead of going to the right of the center, and there was not room for her to turn to the right and avoid a collision, so that she put on her brakes and had practically stopped her car when the bus ran into her. This was denied by the appellant and its wit-

nesses, who agreed that when the car reached the intersection of Sixteenth avenue and Fourteenth street it was headed east and not headed north, and when the motorman saw Miss McWilliams' car coming toward him just as he got into Sixteenth avenue he stopped, and at the time of the collision his bus was standing still and Miss McWilliams' car came into the left corner of the bus; that when he stopped she was thirty or thirty-five feet away.

Many witnesses agreed with Miss McWilliams that the collision occurred according to her statement near the curb at the corner of Mrs. J. E. Watts' place and so close to the curb that there was not room enough for her to pass to the right between the bus, which was a passenger bus twenty-seven feet long, and the curb. She put on her brakes to avoid a collision. The car, according to the witnesses, showed evidence of heavy impact, and the bus was not injured.

If the testimony of Miss McWilliams was believed by the jury, the appellant's bus was being operated on the wrong side of the street in direct line with travel on the right-hand side of the street going south. The testimony of the appellant tended to show that its bus was not cutting the curve, but was in direct line of traffic on Fourteenth street and in the act of crossing the avenue. There was a verdict of one thousand forty-five dollars in favor of the appellee, and the appellant has prosecuted appeal here.

Appellant in its brief in a way insisted that it was entitled to a peremptory instruction. If it is so contended, we have only to say that there was a clear-cut, sharp conflict in the testimony in all material particulars. Second, it is insisted that this cause should be reversed and remanded because the court erroneously gave instruction No. 2 for the appellee, which we here set forth: ''You are further charged for the plaintiff that if you believe from a preponderance of the testimony

in this case that the plaintiff was driving her car at a moderate rate of speed in a southerly direction along the right-hand side of Sixteenth avenue, and that she was keeping a proper lookout for others in the use of said street and avenue, then in that event she had a right to assume that the driver of defendant's bus would not operate said bus into the line of travel on the right-hand side of said avenue so as to cause the same to be stopped directly in the pathway of the plaintiff's car, and if you believe from a preponderance of the testimony in this case that the defendant's bus was so operated and caused by said bus operator to be stopped in Sixteenth avenue directly in the line of travel, and in front of the car then and there occupied by the plaintiff, and that this operation proximately occasioned in whole or in part the injury to the plaintiff, then under the law the plaintiff is entitled to recover a verdict at your hands.''

This instruction in one view of it was tantamount to a peremptory instruction to the effect that if the jury believed the witnesses for the appellant that the bus was 'stopped on the right-hand side of Sixteenth avenue, then as a matter of law there was negligence on the part of appellant and its agents. As to whether or not it was negligent to stop in the line of traffic on the right-hand side of Sixteenth avenue was a question for the jury, depending upon the amount of traffic, the proximity of 'other cars, and the reason for the halt. The declaration was based upon the cutting of the curve by the motorbus, a violation of the ordinance, and in conjunction therewith the driving of the car on the wrong side of the street into and against the car of the appellee, and there was no reference to negligence in stopping the motorbus. If the bus was headed east as claimed by appellant, it had a right to cross the line of traffic and was compelled to cross the right-hand side of Sixteenth avenue in order to turn according to the ordinance into Sixteenth avenue and proceed north. This instruction is not cured by the

other instructions in the case, and, we think, was not warranted by the pleadings and the proof in the form in which it was given, and if an instruction along this line was proper in any event upon an amendment of the declaration, the jury was entirely prohibited from saying whether or not the action of a motorman in stopping a bus in a line of traffic was negligence. We can imagine a case where it would be negligence to stop a heavy motorbus deliberately in the path of an on-coming car, rapidly propelled, where the bus was suddenly stopped without opportunity given to the operator of the other car, who had the right of way, to avert a collision.

As the case must be tried again, we will express no further opinion, save to say that for the giving of this instruction the cause must be sent back to be tried anew.

*Reversed and remanded.*